# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

IN THE MATTER OF THE SEARCH OF
3540 RIVER BEND DRIVE, RACINE, WI, 53404:
HEREIN DESCRIBED AS A SINGLE FAMILY HOME     19-MJ-1205
WITH GREY SIDING, DARK TRIM AND ATTACHED
GARAGE. THE HOME IS A MULTI-LEVEL DWELLING.
THE NUMBERS "3540" ARE AFFIXED TO THE MAILBOX.

## RESPONSE TO CLAIMANT VICTOR COBIAN'S
## MOTION FOR THE RETURN OF PROPERTY

The United States of America, by and through its attorneys, Richard G. Frohling, Acting United States Attorney, and Christopher J. Ladwig and Philip T. Kovoor, Assistant United States Attorneys, hereby respond to claimant Victor Cobian's motion for the return of property.

On August 6, 2021, the claimant submitted a filing dated August 6, 2021 seeking the return of property, pursuant to Rule 41(g) of the Federal Rules of Criminal Procedure, seized during a search warrant executed at 3540 River Bend Drive, Racine, Wisconsin captioned under 19-MJ-1205. The claimant requested the return of several items, many of which are firearms and ammunition, which have already been administratively forfeited by the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF). This "motion" was "filed" directly with the Court, because the search warrant and related materials, remain under seal. The filing was not properly served on the Government, but was rather sent by email to an Assistant United States Attorney.

On August 27, 2021, the claimant "filed" another "motion" asking for entry of an order to return property. Again, this was served on an Assistant United States Attorney by email.

Rule 41(g) provides, in pertinent part, that "[a] person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return." Pursuant to Rule 41(g), the government would be given 21 days to respond (in the instant case, that would be August 27, 2021). However, because there is no criminal proceeding pending, a Rule 41(g) motion must be treated as a separate civil complaint. In *United States v. Howell*, the Seventh Circuit has noted the civil nature of a Rule 41(g) motion, writing:

> Yet even if his motion had been a motion under Rule 41(g) for the return of property obtained in a search, rather than an attempt to challenge an administrative forfeiture, the proceeding would have been a civil proceeding subject to the requirements that we have noted, and perhaps to others peculiar to challenges to federal administrative forfeitures. It is true that we have permitted Rule 41(g) motions to be filed in the criminal proceeding to which the property sought to be returned relates, but that permission is a natural implication of the fact that Rule 41(g) is a rule of criminal rather than civil procedure, and, as the *Peña* decision holds, does not make the proceeding touched off by the motion a criminal proceeding and excuse the moving party from having to comply with the rules applicable to civil proceedings.

*United States v. Howell*, 354 F.3d 693, 695 (7th Cir. 2004) (citations omitted); *see also United States v. Sims*, 376 F.3d 705, 709 (7th Cir. 2004) (noting that Rule 41(g) motions are civil in character and applying a six-year statute of limitations for a civil action against the United States); *United States v. Stevens*, 500 F.3d 625, 629 (7th Cir. 2007) (describing a Rule 41(g) motion as a civil action for purposes of the Prison Litigation Reform Act); *United States v. Ibrahim*, 522 F.3d 1003, 1007 (9th Cir. 2008) ("Because there were no criminal proceedings pending at the time of filing, the district court properly treated the motion as a civil complaint governed by the Federal Rules of Civil Procedure."); *Tucker v. United States*, 2014 WL 7506803, at *1 (C.D. Cal. Dec. 15, 2014) (citing *United States v. Ritchie*, 342 F.3d 903, 906 (9th Cir. 2003) (when no criminal case is pending, Rule 41(g) motion must be treated as a civil complaint, which must be properly served

on the Government under Rule 4(i) of the Federal Rules of Civil Procedure, and for which the Government, as the respondent, has 60 days to respond); *United States v. Olivares*, 632 F. App'x. 364 (9th Cir. 2016) (a motion for return of property under Rule 41(g) which is filed when there are no criminal proceedings pending must be treated as a civil complaint and the government's response should be treated as a motion for summary judgment); *In re: Seizure of $958,921*, 2013 WL 3490743 (C.D. Cal. May 30, 2013) (a Rule 41(g) motion that is filed when no criminal case is pending must be treated as civil complaint to which government must be given 60 days to respond).

There is no criminal proceeding connected to the search warrant issued under 19-MJ-1205. Therefore, the claimant's motion should be treated as new civil action, which must comply with all the requirements of notice and service under the Federal Rules of Civil Procedure. As a new civil action, the "motion" must comply with the service-of-process rules codified in Rule 4(i) of the Federal Rules of Civil Procedure, which reads in relevant part:

> To serve the United States, a party must:
>
> (A)(i) deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought--or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk—or (ii) send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office;
>
> (B) send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.; *and*
>
> (C) if the action challenges an order of a nonparty agency or officer of the United States, send a copy of each by registered or certified mail to the agency or officer.

Service, here, requires a summons and complaint be filed on the United States Attorney, the Attorney General of the United States, and the Bureau of Alcohol, Tobacco, Firearms and Explosives. Service by email of a "motion" to an Assistant United States Attorney is insufficient

to meet the requirements of Rule 4 of the Federal Rules of Civil Procedure, and a request for a waiver of service was never sent.

Only after proper notice and service may the Court exercise jurisdiction over the dispute, as that marks the initiation of an adversarial proceeding. *See SEC v. Ross*, 504 F.3d 1130, 1138–39 (9th Cir. 2007). Since that has not happened, the Government moves for dismissal pursuant to Federal Rule of Civil Procedure 12(b)(5), 12(b)(4), 12(b)(2), and 12(b)(6).

After complying with the notice and service requirements, the Government should be afforded 60 days to answer, consistent with Rule 12(a)(2) of the Federal Rules of Civil Procedure, which reads as follows: "The United States, a United States agency, or a United States officer or employee sued only in an official capacity must serve an answer to a complaint, counterclaim, or crossclaim within 60 days after service on the United States attorney."

Therefore, the Government respectfully asks the Court to dismiss the "motion" at this time. If the Court finds otherwise, the Government asks to be given 60 days to answer—until October 6, 2021—in accordance with the Federal Rules of Civil Procedure 12(a)(2).

Dated on August 27, 2021, at Milwaukee, Wisconsin.

        Respectfully submitted,

        RICHARD G. FROHLING
        Acting United States Attorney

By:    */s/ Christopher J. Ladwig*
      */s/ Philip T. Kovoor*
      CHRISTOPHER J. LADWIG
      PHILIP T. KOVOOR
      Assistant United States Attorneys

Office of the United States Attorney
Eastern District of Wisconsin
517 East Wisconsin Avenue, Room 530
Milwaukee, Wisconsin 53202
(414) 297-1721
philip.kovoor@usdoj.gov