UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

IN RE:  SEARCH OF 3540 RIVER
        BEND DRIVE RACINE WI 53404                Case No. 19-mj-1205-pp

**ORDER ADOPTING MAGISTRATE JUDGE'S RECOMMENDATION
(DKT. NO. 11) AND DISMISSING MOTIONS FOR RETURN OF PROPERTY
(DKT. NOS. 7, 9)**

**I.    Background**

On August 6, 2021, claimant Victor Cobian filed a motion for return of property seized in a search of 3540 River Bend Drive, Racine, Wisconsin. Dkt. No. 7. Several weeks later, he filed a motion for entry of order to return property. Dkt. No. 9. Magistrate Judge William E. Duffin issued a report recommending that this district court dismiss the motion for return of property. Dkt. No. 11. Cobian did not file any objection.

   A.    Factual Background

On March 1, 2019, agents from the Bureau of Alcohol, Tobacco, Firearms and Explosives executed a federal search warrant at 3540 River Bend Drive in Racine, Wisconsin, the residence of Victor and Stephanie Cobian. Dkt. No. 2. The agents seized multiple items from the home during the search, including firearms, ammunition, identifying documents and electronics. Id. at 10-17. Victor Cobian was arrested and subsequently charged in Racine County Circuit Court. Dkt. No. 7 at ¶¶2-3. The state later dismissed the charge, however, and the federal government did not issue charges. Id. at ¶¶5-6.

1

Cobian filed his motion for return of property on August 6, 2021—twenty-nine months after agents seized it. Dkt. No. 7. Citing Federal Rule of Criminal Procedre 41(g), he asked the court to return all the seized property, or at the very least, his phone, watch and personal records. Id. at 1, 4. Four days later, Judge Duffin gave the government a deadline of August 24, 2021 by which to respond to Cobian's motion, dkt. no. 8, but the government did not do so. On August 27, 2021, several days after the deadline Judge Duffin had imposed, the plaintiff filed his second motion, arguing that the government's failure to respond by the deadline Judge Duffin had set signaled that it did not object to his request. Dkt. No. 9. The government responded to the *first* motion that same day, three days after the deadline set by Judge Duffin. Dkt. No. 10. The government did not file a response to Cobian's second motion and Cobian did not file a reply in support of his original motion.

Because the case is under seal, the parties do not receive electronic notifications of filings. Dkt. No. 11 at 2. This means that the parties are responsible for serving motions and responses on opposing counsel. Id. Judge Duffin's recommendation noted that the government's response to Cobian's first motion did not include a certificate of service, but that Judge Duffin had confirmed Cobian's counsel had received a copy. Id.

B.  Cobian's Motions

Cobian's first motion argues that his property, including "a computer, a cell phone, a watch, blank sim cards, bank statements, vehicle registrations, letters, shredded documents, identification documents, a birth certificate and a

2

passport," as well as "his firearms, cases, ammunition, magazines and firearm pieces," should be returned under Fed. R. Crim. P. 41(g). Dkt. No. 7 at 1. He recounts that the state dismissed the charge and that "as of this date, some twenty-nine (29) months after execution of said warrant, the property remains in the custody of the Federal agencies (i.e. ATF, HIS and/or FBI) and has not been returned. No formal charges have been filed that can be ascertained by counsel." Id. at ¶6. Cobian asserts that he has been unable to view the search warrant because it is sealed. Id. at ¶7.

Cobian's second motion asserts only that the government failed to respond to the first order by the deadline set by Judge Duffin. Dkt. No. 9. Cobian asks the court to enter an order returning to him his seized property. Id.

C. Government's Response

The government argues in response to the first motion that "because there is no criminal proceeding pending, a Rule 41(g) motion must be treated as a separate civil complaint." Dkt. No. 10 at 2 (citing United States v. Howell, 354 F.3d 693, 695 (7th Cir. 2004)). Because there is no open criminal proceeding related to the search warrant under which Cobian's property was seized, the government says that his motion "should be treated as a new civil action" subject to the Federal Rules of Civil Procedure. Id. at 3. The government argues that Cobian must comply with Fed. R. Civ. P. 4(i)'s requirements for service of process. Id. Asserting that Cobian failed to do so, the government moves for dismissal under Fed. R. Civ. P. 12(b)(5), (4), (2) and (6). Id. at 4.

3

The government also argues that if Cobian had followed the correct procedure, it would have had sixty days to answer the civil complaint. Id. (citing Fed. R. Civ. P. 12(a)(2)). As an alternative to dismissal, the government asks that it be given sixty days to answer Cobian's motion. Id.

## II.  Judge Duffin's Recommendation (Dkt. No. 11)

Judge Duffin noted that the government's response raised only procedural objections without addressing the merits of Cobian's claim; the government argued only that the motion should be treated as a new civil action which Cobian should be required to serve on the government in the manner required by Fed. R. Civ. P. 4(i). Dkt. No. 11 at 2. Judge Duffin recited the language of Fed. R. Crim. P. 41(g) and discussed the status of the Seventh Circuit's jurisprudence on the rule. Id.

Judge Duffin's discussion focused on two Seventh Circuit cases: United States v. Howell, 354 F.3d 693 (7th Cir. 2004) and In re Search of 2847 E. Higgins Rd., 390 F.3d 964 (7th Cir. 2004), both authored by Judge Richard Posner, formerly of the Seventh Circuit. Id. at 2-3. Comparing the two cases, Judge Duffin observed that

> the court is presented with two appellate decisions authored by the same judge a few months apart that seem to point in different directions. *Howell* states that, when a defendant files a Rule 41(g) motion in a related criminal case, the defendant must pay the civil filing fee. In *Higgins Road*, on the other hand, where there was no related criminal case, the court of appeals implicitly approved of a claimant filing a 41(g) motion without paying the civil filing fee. The posture of this action is closer to *Higgins Road*, but a court should be reluctant to make too much of another court's silence on an issue. Having said that, the court's statements in *Howell* regarding the applicability of the filing fee to a Rule 41(g) motion were dicta

4

because, as the court was careful to note, the defendant had not filed a Rule 41(g) motion.

Id. at 4.

Judge Duffin then discussed Fed. R. Crim. P. 41(g). Id. He noted that Rule 41(g) proceedings are "civil in nature," but need not be initiated through a new civil action. Id. (citing In re Search of 3765 Kettle Court E., Delafield, Wis., No. 09-M-25, 2009 WL 1508165 (E.D. Wis. May 29, 2009) and United States v. Shaaban, 602 F.3d 877, 879 (7th Cir. 2010)). He conceded that given that fact, it might seem "odd that the claimant would be forced to bay the civil action filing fee simply to bring a motion." Id. But he repeated that Howell had suggested that that was what was required, as had Shabaan. Id. Judge Duffin concluded:

> [A]lthough Cobian's Rule 41(g) motion may proceed under the case number assigned to the search warrant (rather than as a new civil action), *see Kettle Court*, 2009 U.S. Dis. LEXIS 51239, at \*4, the court finds that it is compelled to require him to pay the filing fee for a civil action and to serve the motion upon the government in accordance with Rule 4(i).

Id.

### III. Analysis

Under Fed. R. Civ. P. 72(b), if a party does not object to a magistrate judge's report and recommendation, the district court reviews the recommendation for clear error. Fed. R. Civ. P. 72(b); Johnson v. Zema Sys. Corp., 170 F.3d 734, 739 (7th Cir. 1999) (citations omitted). This court must decide only whether Judge Duffin's recommendation is clearly erroneous. The court concludes that it is not.

Fed. R. Crim. P. 41(g) says that

> A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.

In 2003, the Seventh Circuit discussed Rule 41(g) in Okoro v. Callaghan, 324 F.3d 488 (7th Cir. 2003). The court explained that

> Federal Rule of Criminal Procedure 41(g) . . . entitles a person to the return of his property that has been unlawfully seized by a federal law enforcement officer. The position of this court is that a claim under Rule 41(g) may be brought after the defendant's conviction, as well as before, as an ancillary proceeding to the criminal case. *United States v. Solis*, 108 F.3d 722 (7th Cir. 1997); *United States v. Taylor*, 975 F.2d 402, 402-03 (7th Cir. 1992); *Mora v. United States*, 955 F.2d 156, 158 (2d Cir. 1992); *United States v. Garcia*, 65 F.3d 17, 20 (4th Cir. 1995); but see *Bartlett v. United States*, 317 F.2d 71 (9th Cir. 1963) (per curiam); *Toure v. United States*, 24 F.3d 444, 445 (2d Cir. 1994) (per curiam); *United States v. Rapp*, 539 F.2d 1156, 1160 (8th Cir. 1976).

Id. at 490.

Two years later, the court decided Howell. In Howell, the defendant was convicted and sentenced to prison. Howell, 354 F.3d at 694. Two years later, he filed in his criminal case a petition for the return of his car. Id. Judge Posner stated that "[i]f as Howell claims the government deprived him of his property without adequate notice and therefore without due process of law, he can seek its return by means of the federal-question jurisdiction of the federal courts." Id. at 695 (citations omitted). Judge Posner then wrote:

6

> The [district] judge failed to note Howell's apparent failure to comply with the usual procedural requirements for maintaining a federal civil suit, such as the payment of a filing fee, and, since he is a prisoner, the limitations on prisoner civil rights suits imposed by the Prison Litigation Reform Act, 28 U.S.C. § 1915. The judge treated Howell's challenge to the administrative forfeiture as if it were a phase of the criminal proceeding against Howell. Yet even if his motion had been a motion under Rule 41(g) for the return of property obtained in a search, rather than an attempt to challenge an administrative forfeiture, the proceeding would have been a civil proceeding subject to the requirements we have noted, and perhaps to others peculiar to challenges to federal administrative forfeitures. *Pena v. United States*, 122 F.3d 3 (5th Cir. 1997). It is true that we have permitted Rule 41(g) motions to be filed in the criminal proceeding to which the property sought to be returned relates, *Okoro v. Callaghan*, 324 F.3d 488, 490 (7th Cir. 2003); *United States v. Taylor*, 975 F.2d 402 (7th Cir. 1992), but that permission is a natural implication of the fact that Rule 41(g) is a rule of criminal rather than civil procedure, and, as the *Pena* decision holds, does not make the proceeding touched off by the motion a criminal proceeding and excuse the moving party from having to comply with the rules applicable to civil proceedings. The civil nature of the present case is even clearer, since it is a challenge to an administrative forfeiture. Though it seeks relief similar to that of a Rule 41(g) motion—namely the return of property—it is not founded on that rule.

Id. at 695-96.

Five years later, in United States v. White, 582 F.3d 787, 793 (7th Cir. 2009), a defendant filed a Rule 41(g) motion for the return of property while his criminal appeal was pending. The district judge denied the motion without prejudice, indicating that she would decide it after the Seventh Circuit had resolved the substantive merits of the appeal. Id. In a footnote, the White court stated, "The district court had jurisdiction to consider Thompson's Rule 41(g) motion while his criminal appeal was pending because a Rule 41(g) motion initiates a new civil equitable proceeding." Id. at 806 n.3 (citing Howell).

7

The following year, in 2010, the Seventh Circuit stated in Shabaan that "[w]e have held that, once a defendant has been convicted, a motion under Rule 41(g) is deemed to initiate a *civil* equitable proceeding . . . ." Shabaan, 602 F.3d at 878 (emphasis in the original) (citing, *e.g.,* Howell, White). One of the cases Shabaan cited was Chairez v. United States, 355 F.3d 1099, 1100 (7th Cir. 2004), in which the Seventh Circuit said as an aside that the district court had "correctly construed" a post-conviction motion Rule 41(g) motion for the return of property "as initiating a civil proceeding." Chairez cited other Seventh Circuit cases construing post-conviction Rule 41(g) motions as initiations of a civil proceeding.

This line of cases makes clear that a criminal defendant who files a Rule 41(g) motion for the return of property during the pendency of a criminal case, or after he or she has been convicted, initiates a civil proceeding. Cobian, however, is not a criminal defendant. There is no pending criminal case to which his Rule 41(g) motion could be an "ancillary" civil proceeding. He has not been convicted. As Judge Duffin noted in his recommendation, Cobian's circumstances are much more similar to the circumstances of the movant in Higgins Road. In that case, IRS agents executed a search warrant on a warehouse and seized cash and business records. Higgins Road, 390 F.3d at 965. Two months after the search, Michael Wellek filed a Rule 41(g) motion in the district court for return of the property. Id. Recounting that there was no evidence that the money did not belong to Wellek, or that it was the fruit of alleged criminal activity, Judge Posner said that "Wellek's Rule 41(g) motion

8

should have been granted as soon as the government realized that the currency had no evidentiary value and was not the fruit of a crime . . . ." Id. at 965. In discussing whether Welleck's appeal was moot, Judge Posner noted that although the filing of a Rule 41(g) motion "is not a proper means of commencing a suit for restitution," the government claimed to be holding the money "pursuant to its search warrant, and Rule 41(g) is the proper means of obtaining the return of property so held." Id. at 967. As Judge Duffin noted, Judge Posner made no mention of requiring Welleck to follow civil litigation requirements.

But while Judge Posner made no mention of requiring a filing fee under circumstances similar to Cobian's, the Seventh Circuit has addressed the question more recently, as Judge Duffin observed. In Abu-Shawish v. United States, 898 F.3d 726 (7th Cir. 2018), the petitioner was convicted on a federal charge, only to have his conviction reversed after he had served his entire sentence; he was acquitted in a second trial. Id. at 731. He petitioned for a certificate of innocence—"a prerequisite to a damages claim against the United States . . . ." Id. In discussing the litigation and adjudication of actual innocence claims, Judge Hamilton wrote:

> Procedurally, petitions for certificates of innocence are "civil in nature," regardless of the docket designation. Although district court clerks may file petitions under the existing criminal docket number . . . or as a separate, miscellaneous civil case . . . , we think the better course is to file the petition under the existing criminal docket number with the conviction because a petition starts what is, in essence, a civil proceeding within the closed criminal case. In that respect, a petition is similar to a motion under Federal Rule of Criminal Procedure 41(g) for the return of seized property, which we have called an "ancillary proceeding." See *United States v. Norwood*,

9

> 502 F.3d 830, 832 (7th Cir. 2010) ("The Rule 41(g) proceeding may be maintained as an ancillary proceeding in the district court even after the criminal proceeding ends."), citing *Okoro v. Callaghan*, 324 F.3d 488, 490 (7th Cir. 2003), and *United States v. White*, 582 F.3d 787, 806 n.3 (7th Cir. 2009). As with a Rule 41(g) motion, a petitioner for a certificate of innocence must pay a filing fee. Cf., e.g., *United States v. Shabaan*, 602 F.3d 877, 879 (7th Cir. 2010) (per curiam) (noting that prisoner "could be ordered to pay the civil fees and would be subject to the Prison Litigation Reform Act [for Rule 41(g) motion] without making him jump through the hoop of filing another case"), citing *United States v. Howell*, 354 F.3d 693, 695 (7th Cir. 2004) (noting that Rule 41(g) motions are subject to "the usual procedural requirements for maintaining a federal civil suit, such as the payment of a filing fee").

Id. at 736.

The court agrees with Judge Duffin that it feels odd to require someone filing a nominally criminal motion to pay the civil case filing fee. Judge Posner's silence on the issue in a case in which no criminal proceedings had been filed and in which the person seeking the return of property had not been charged or convicted seems odd, as well. But given the language in Howell and Abu-Shawish, Judge Duffin's conclusion that Cobian may proceed with his Rule 41(g) motion under the case number assigned to the search warrant, but only if he refiles the motion accompanied by the $402 civil case filing fee and serves the motion on the government, is not clearly erroneous.

## IV. Conclusion

The court **ADOPTS** Judge Duffin's recommendation and **DENIES WITHOUT PREJUDICE** Cobian's motions for return of property. Dkt. No. 7, 9.

The court **ORDERS** that Cobian may re-file his motion under the case number assigned to the search warrant, conditioned on his payment of the civil

10

filing fee. If he refiles the motion, he must serve it on the government as required by Fed. R. Civ. P. 4.

The court **RETURNS** this case to Judge Duffin for further proceedings.

Dated in Milwaukee, Wisconsin this 29th day of April, 2022.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**